## ROBERTS v CITY OF PONTIAC

Docket No. 103630. Submitted January 4, 1989, at Detroit. Decided April 18, 1989.

Jeffrey Roberts sustained injuries in an automobile accident and died after receiving medical treatment in the emergency department of Pontiac General Hospital. At the time of treatment, the hospital's emergency department was operated under contract by Emergency Services-North Oakland, P.C., a private corporation operated for profit by Joseph F. Schirle, Jr., M.D. Medical treatment was provided to the decedent by Dr. Schirle, who was aided by Dr. Sang Choi, a surgical resident employed by the hospital, and Dr. Phan Thanh, a vascular surgeon with staff privileges at the hospital. Roger W. Roberts, as personal representative of the decedent's estate, brought a negligence action in Oakland Circuit Court against the City of Pontiac (the owner and operator of Pontiac General Hospital), Emergency Services-North Oakland, P.C., and Drs. Schirle, Choi and Thanh. The trial court, John N. O'Brien, J., denied motions brought by defendants for summary disposition on the basis of governmental immunity. Defendants sought leave to appeal to the Court of Appeals, which, in lieu of granting leave, peremptorily reversed the trial court with respect to the city and remanded for reconsideration of the remaining defendants' motions for summary disposition. On remand, the trial court granted summary disposition in favor of Drs. Choi and Thanh, but denied summary disposition as to the claims against Emergency Services and Dr. Schirle. Plaintiff appealed and Emergency Services and Dr. Schirle cross appealed.

The Court of Appeals *held:*

1. Emergency Services is a private entity which is not entitled to governmental immunity from tort liability. Dr. Schirle, as an employee of Emergency Services, is likewise not entitled to the protection of governmental immunity.

2. Drs. Choi and Thanh may properly claim governmental

REFERENCES

Am Jur 2d, Agency §§ 1, 17-22; Hospitals and Asylums §§ 2, 22.
Immunity of state or governmental unit or agency from liability for damages in tort in operating hospital. 25 ALR2d 203.

immunity as a defense only if they were acting as agents of the hospital at the time they treated the decedent. The facts, as developed so far, do not indicate whether these doctors were acting as agents of the hospital or as agents of Emergency Services. Thus, the grant of summary disposition in favor of these doctors must be reversed.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. GOVERNMENTAL IMMUNITY — MUNICIPAL HOSPITALS — PROFESSIONAL SERVICE CORPORATIONS.

A professional service corporation which is operated for profit by a physician and which, under a contract with a municipal hospital, operates the hospital's emergency department is not, by virtue of such contract, a governmental agency which may claim immunity from tort liability; employees of such corporation are likewise not entitled to the protection of governmental immunity.

2. WORDS AND PHRASES — AGENT.

An agent is a person having express or implied authority to represent or act on behalf of another person, who is called his principal.

3. AGENCY — AGENT.

An agent is one who acts for or in the place of another by authority from him; one who undertakes to transact some business or manage some affairs for another by authority and on account of the latter and to render an account of it; one who is a substitute or deputy, appointed by the principal, with power to do the things which the principal may or can do.

4. WORDS AND PHRASES — AGENT.

The term "agent" includes factors, brokers, and every other relation in which one person acts for or represents another by his authority.

5. AGENCY — CREATION OF RELATIONSHIP.

Whether an agency has been created is to be determined by the relations of the parties as they in fact exist under their agreements or acts.

*Law Offices of Brochert & Ward* (by *David S. Anderson*), for plaintiff.

*Plunkett & Cooney, P.C.* (by *Robert G. Kame-*

*nec),* for Emergency Services-North Oakland, P.C., and Joseph F. Schirle, Jr., M.D.

*Martin, Bacon & Martin, P.C.* (by *Michael R. Janes*), for Sang Choi, M.D.

*Buesser, Buesser, Blank, Lynch, Fryhoff & Graham* (by *Deborah F. Collins*), for Phan Thanh, M.D.

Before: GILLIS, P.J., and SHEPHERD and SAWYER, JJ.

PER CURIAM. Plaintiff appeals, and defendants Emergency Services and Schirle cross appeal, from an order of the circuit court granting summary disposition to defendants Choi and Thanh and denying summary disposition to defendants Emergency Services and Schirle. Summary disposition was granted on the basis of governmental immunity, MCR 2.116(C)(7). The order was certified as a final order with respect to Choi and Thanh pursuant to MCR 2.604(A).[1] We affirm in part and reverse in part.

---

[1] An interesting question concerning the jurisdiction of this Court is presented here, though the issue is not raised by the parties. Specifically, although the order appealed from denied summary disposition with respect to Emergency Services and Schirle, while granting summary disposition in favor of defendants Choi and Thanh, the trial court certified the order as a final order only with respect to Choi and Thanh. Thus, the question arises whether defendants Emergency Services and Schirle can invoke the jurisdiction of this Court by way of a cross appeal when plaintiff appeal from the certified final order. Clearly, had the trial court entered two separate orders, the first denying summary disposition with respect to defendants Emergency Services and Schirle and the second order granting summary disposition in favor of Choi and Thanh, with only the second order, of course, being certified as a final order under the rule, defendants Emergency Services and Schirle could not claim an immediate appeal from the order denying summary disposition since it would be an interlocutory order not certified as a final order, and any cross appeal filed in plaintiff's claim of appeal from the second order would be limited to the issues raised in that second order, specifically the propriety of granting summary disposition to defendants Choi and Thanh. Thus, under such a situation, defendants Emergency Services

Plaintiff's decedent, Jeffrey Roberts, was involved in an automobile accident and was taken to the emergency department of Pontiac General Hospital. Plaintiff's decedent was treated in the emergency department and later transferred to the hospital's intensive care unit. Plaintiff's decedent died the next day, allegedly as a result of negligent acts or omissions occurring while he was in the emergency room.

The emergency department of Pontiac General Hospital was operated under contract with defendant Emergency Services-North Oakland, P.C., which is a private corporation operated for profit by defendant Schirle. Schirle was, in fact, the emergency room physician on duty at the time plaintiff's decedent was admitted to the emergency department.

Defendant Choi was a fourth-year surgical resident employed by the hospital and was available to all hospital departments, including the emer-

and Schirle could not claim an immediate appeal or cross appeal and challenge the denial of summary disposition with respect to them. Rather, they would have to wait until a final order was entered in the file from which they could appeal.

Similarly, had plaintiff not claimed an immediate appeal from the certified final order in this case, instead choosing to wait to appeal from the final order which disposed of the entire case, see *Comm'r of Ins v Advisory Bd of the Michigan State Accident Fund,* 173 Mich App 566; 434 NW2d 433 (1988), defendants Emergency Services and Schirle could not have claimed an appeal as against plaintiff from the certified final order since the order was not certified final by the trial court as to defendants Emergency Services and Schirle. To our knowledge, this Court has not previously had an opportunity to consider whether the jurisdiction of this Court could be invoked by the cross appeal under these circumstances. However, since the parties do not raise the issue themselves, and since considerations of judicial economy merit addressing the issue raised on cross appeal, we shall address that issue. If a detailed analysis would lead to the conclusion that defendants Emergency Services and Schirle cannot invoke the jurisdiction of this Court by claiming a cross appeal, then we consider their claim of cross appeal as an application for leave to appeal and grant that application.

gency room, while on duty. Defendant Thanh, on the other hand, is a vascular surgeon with staff privileges at Pontiac General Hospital. As a requirement of his staff privileges, he must make himself available during certain periods should his expertise be required by any physician rendering treatment at the hospital. During these "on-call" hours, Dr. Thanh is available to all hospital departments, including the emergency room. Allegedly, Dr. Schirle summoned both doctors to the emergency room to assist in treating plaintiff's decedent.

Defendants initially moved for summary disposition on the ground of governmental immunity and the trial court denied their motions. Defendants sought leave to appeal to this Court, which, in lieu of granting leave, peremptorily reversed the trial court with respect to defendant City of Pontiac, and ordered summary disposition granted in favor of the city. It also ordered the matter remanded to the trial court for reconsideration in light of various cases with respect to the remaining defendants. It is the trial court's disposition on remand which gives rise to the instant appeal.

For reasons which shall become clear as we proceed with this opinion, we choose to address the issue raised on the cross appeal first. On cross appeal, defendants Emergency Services and Schirle argue that the trial court erred in denying summary disposition with respect to them on the basis of governmental immunity. We disagree. There are two particularly relevant cases to be considered in addressing this issue. The first is *Jackson v New Center Community Mental Health Services,* 158 Mich App 25; 404 NW2d 688 (1987). In *Jackson,* the defendant was a nonprofit corporation which was under contract with the county to provide outpatient mental health services. The

defendant was sued by the plaintiffs after the plaintiffs were wounded by one of the defendant's patients. The defendant asserted a defense of governmental immunity arguing that, since it was performing a function for the county government, it was entitled to immunity as an agency of the government. This Court disagreed. The *Jackson* Court, *supra* at 35, explained its reasoning as follows:

> A private entity's performance of a governmental function does not confer governmental agency status on that entity. As noted in *Ross* [v *Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984)], p 616, mental health services, albeit required of a governmental agency, are commonly provided by private facilities. The Mental Health Code expressly contemplates the participation of both public and private mental health facilities in state and county community mental health programs.
>
> Notwithstanding its performance of a "governmental function" and its reliance on public funding, New Center retains its identity as a nongovernmental entity. Its employees are not county employees. It retains its separate corporate identity and is governed by its own board of directors. Except as it has voluntarily obligated itself by contract, New Center is not required to provide services or to remain in existence. While it may have been created in response to the recognition of mental health needs in Detroit, New Center's creation was not mandated by law.
>
> We are persuaded of no reason to treat a private entity as a governmental agency merely because that entity contracts with a governmental agency to provide services which the agency is authorized or mandated to provide.

Also to be considered is this Court's decision in *Hayes v Emerick,* 164 Mich App 138; 416 NW2d

350 (1987). In *Hayes*, the plaintiff sued a physician under contract with the county sheriff to provide medical care to inmates of the county jail. This Court concluded that the defendant was an agent of the county and, therefore, was entitled to the protection of governmental immunity.

To the extent that *Jackson* and *Hayes* represent conflicting views, we believe that *Jackson* presents the better rationale. Like the *Jackson* Court, we see no reason to extend the protection of governmental immunity to a private entity merely because it contracts with the government. *Jackson, supra* at 35.[2]

Accordingly, for the reasons stated above, we conclude that defendant Emergency Services, as a private entity, is not entitled to the protection of governmental immunity. It also follows that Dr. Schirle, as an employee of Emergency Services rather than of the hospital itself, is not entitled to raise as a defense the doctrine of governmental immunity.

Having disposed of the issue raised on cross appeal, we return to the issue raised on appeal, namely whether Drs. Choi and Thanh may raise the defense of governmental immunity. For reasons we will explain below, we believe that the applicability of the doctrine of governmental immunity to these defendants is dependent upon facts which have not yet been fully developed.

[2] We note a potential basis for distinguishing *Hayes* from *Jackson.* Specifically, while the defendant in *Jackson* was a corporation, it is not clear from the *Hayes* decision whether the defendant personally contracted with the county sheriff to provide medical services or whether the contract was between the sheriff and the defendant's professional corporation. Thus, a distinction might arise between cases where the contract with the government is by a private company as opposed to the government retaining the services of an individual. In any event, we follow the decision in *Jackson* in the case at bar, particularly since Pontiac General Hospital contracted with the Emergency Services-North Oakland Corporation and did not retain the services of Dr. Schirle personally.

The relevant inquiry as to the applicability of governmental immunity to Drs. Choi and Thanh is whether they were acting as agents of Emergency Services at the time of the alleged acts of malpractice or as agents of Pontiac General Hospital. If they were agents of Emergency Services, then, like Dr. Schirle, they are not entitled to governmental immunity since they were acting as agents of a private entity. However, if they were acting as agents of Pontiac General Hospital then, as governmental employees, they would be entitled to the protections of governmental immunity if their acts constituted discretionary decision-making conduct. *Hayes, supra* at 140. See also *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 592; 363 NW2d 641 (1984).

This Court discussed the application of agency principles to the governmental immunity situation in *Hayes, supra* at 140-141:

> In *Ross, supra,* 420 Mich 624, n 38, the Supreme Court noted that "the individual tortfeasor's status as an employee, agent, independent contractor, etc., . . . will generally be determined with reference to common-law tort and agency principles." Therefore, general principles of agency law must be examined. In *Goldman v Cohen,* 123 Mich App 224, 228-230; 333 NW2d 228 (1983), lv den 422 Mich 865 (1985), this Court reiterated the definition of the term "agent" found in *Stephenson v Golden,* 279 Mich 710, 734-735; 276 NW 849 (1937):
>
> " 'An agent is a person having express or implied authority to represent or act on behalf of another person, who is called his principal.' Bowstead on Agency (4th ed), 1.
>
> " 'An agent is one who acts for or in the place of another by authority from him; one who undertakes to transact some business or manage some affairs for another by authority and on account of the latter, and to render an account of it. He is a

substitute, a deputy, appointed by the principal, with power to do the things which the principal may or can do.' 2 CJS 1025.

"The term 'agent' includes factors, brokers, etc. 2 CJS 1015.

"As said in *Saums v Parfet,* 270 Mich 165; 258 NW 235 (1935):

" ' "Agency" in its broadest sense includes every relation in which one person acts for or represents another by his authority.' 2 CJ 419.

" ' "Whether an agency has been created is to be determined by the relations of the parties as they in fact exist under their agreements or acts." 21 RCL 819.' "

Unlike the trial court, we do not believe it sufficient merely to rely upon the fact that Drs. Choi and Thanh were employees or agents of the hospital. Rather, we believe that facts must further be developed to determine their exact status at the time of the alleged acts of malpractice. That is, while it may be true that they were employees or agents of the hospital at the time, they may have been serving as agents of Emergency Services and, therefore, not entitled to the protection of governmental immunity. Relevant considerations include (1) whether Drs. Choi and Thanh were paid by Emergency Services, by Pontiac General Hospital, or by the patient directly for the time spent in the emergency room, (2) whether Emergency Services had to reimburse Pontiac General for the services rendered by Choi and Thanh, (3) whether the contractual relationship between Emergency Services and Pontiac General Hospital provided for Pontiac General supplying physicians to Emergency Services, and (4) what control and authority Emergency Services and its supervisory

personnel, i.e., Dr. Schirle, exercised over Drs. Choi and Thanh and any other physicians supplied by Pontiac General Hospital for work in the emergency room. While each of these considerations are relevant, the list is not necessarily exclusive nor is any given factor controlling. Rather, the totality of the circumstances must be considered in order to determine whether Choi and Thanh were acting as agents of Emergency Services or were acting as employees of Pontiac General Hospital.[3]

For the above reasons, we conclude that the determination of whether defendants Choi and Thanh are entitled to the protection of governmental immunity is dependent upon a further development of facts in order to determine whether they were acting as agents of Emergency Services or as agents of Pontiac General Hospital at the time of the alleged acts of malpractice. Therefore, we conclude that the trial court erred in granting summary disposition in favor of defendants Choi and Thanh merely because they were employees of Pontiac General Hospital.

Accordingly, we reverse the grant of summary disposition in favor of defendants Choi and Thanh and remand the matter to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

Affirmed in part, reversed in part, and remanded.

---

[3] With respect to Dr. Thanh, we note, without deciding, that his status as a private physician with staff privileges makes his claim to governmental immunity more tenuous as, unlike Dr. Choi, he is not an employee of the governmental entity. Thus, the trial court will have to take special care in analyzing the status of Dr. Thanh. It would not necessarily be inconsistent for the trial court to conclude that one, but not both, is entitled to the protection of governmental immunity.