McCUMMINGS v HURLEY MEDICAL CENTER

Docket No. 83040. Decided September 22, 1989. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the trial court and remanded the case to that court for further proceedings.

Ila McCummings, as personal representative of the estate of Laura Ann Malott, deceased, brought an action in the Genesee Circuit Court against Hurley Medical Center, alleging negligence in the care and treatment of the decedent. The court, Philip C. Elliott, C.J., and Judith A. Fullerton and Earl E. Borradaile, JJ. (Donald R. Freeman and Valdemar L. Washington, JJ., dissenting), sitting en banc to consider McCummings' and forty-two other claims against the hospital, granted summary disposition for the hospital on the ground of governmental immunity. The Court of Appeals, SULLIVAN, P.J., and GILLIS and GRIBBS, JJ., denied leave to appeal (Docket No. 103627). The Supreme Court ordered the plaintiff's application for leave to appeal held in abeyance pending decision in *Stein v Southeastern Michigan Family Planning Project, Inc* and *Rifkin v Univ of Michigan Hosp,* 432 Mich 198 (1989).

In an opinion per curiam signed by Chief Justice RILEY, and Justices LEVIN, BRICKLEY, CAVANAGH, BOYLE, and ARCHER, the Supreme Court *held:*

The trial court erred in granting summary disposition in favor of the hospital. The defendant did nothing to raise or preserve the issue of governmental immunity, nor can the issue be deemed to have been raised on the basis of the statements included in the complaint.

Immunity must be pled as an affirmative defense by both individuals and agencies. There is no basis for treating governmental immunity differently for purposes of pleading from other types of immunity granted by law. Thus, prospectively, from December 1, 1989, a governmental agency as defined in MCL 691.1401(d); MSA 3.996(101)(d) which seeks to invoke the immunity from tort liability provided by MCL 691.1407; MSA 3.996(107) must raise that immunity as an affirmative defense pursuant to MCR 2.111(F)(3) as amended.

Justice GRIFFIN, concurring, stated that while *Stein v South-*

*eastern Michigan Family Project, Inc,* 432 Mich 198 (1989), should be held to have been wrongly decided, in light of the position taken by the Court in *Stein,* it would be of practical benefit to the bench and bar to adopt the amendment of MCR 2.111(F)(3)(a).

Reversed and remanded.

*Kallas, Lower, Henk & Treado, P.C.* (by *Constantine N. Kallas* and *Nancy A. Plasterer*), for the plaintiff.

*Portnoy, Leader, Pidgeon & Roth, P.C.* (by *Robert P. Roth*), for defendant Hurley Medical Center.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Randy J. Hackney*), for defendant Basilo Ledesma, M.D.

*Cline, Cline & Griffin* (by *Walter P. Griffin*) for defendant Sadda Reddy, M.D.

PER CURIAM. This application for leave to appeal was held in abeyance pending the decision in *Stein v Southeastern Michigan Family Planning Project, Inc* and *Rifkin v Univ of Michigan Hosp,* 432 Mich 198; 438 NW2d 76 (1989). The question presented is whether the trial court erred in granting summary disposition in favor of defendant Hurley Medical Center. We conclude that the trial court did err.

I

The complaint in this case alleges that plaintiff's decedent, Laura Ann Malott, was shot on New Year's Day, 1983. She suffered back and abdominal wounds. After spending several days at Lapeer County General Hospital, she was transferred to defendant Hurley Medical Center. She had been referred to Hurley for a neurological

evaluation because she had suffered a grand mal seizure on January 5, 1983.

The plaintiff's decedent suffered three more such seizures at Hurley, finally lapsing into a coma on January 8, 1983. On that date, she was transferred to the University of Michigan Hospital. The plaintiff's decedent was declared "brain dead" and life support systems were removed on January 10, 1983.

The personal representative of the estate, plaintiff herein, filed suit against defendant Hurley in Genesee Circuit Court on April 25, 1984. She also named two physicians as defendants. The plaintiff claimed that Hurley and defendants Sadda Reddy, M.D., and Basilo Ledesma, M.D., were negligent in the care and treatment of her decedent.

Defendant Hurley's answer was filed on May 2, 1984. The hospital did not assert that since it was municipally owned, it was immune from liability. However, on July 25, 1985, Hurley did move for summary disposition on the ground of governmental immunity. In addition, on September 25, 1985, the defendant filed a document in which it was stated:

> Defendant Hurley Medical Center states as its Affirmative Defense that it is immune from liability pursuant to MCLA 691.1407 [MSA 3.996(107)], *Ross v Consumers Power Co [(On Rehearing), 420]* Mich 567 [363 NW2d 641] (1984).

The instant case was ultimately heard on a consolidated basis with forty-two other cases involving claims against the defendant hospital. Five of the Genesee Circuit Court's seven judges sat en banc in December of 1986 for the purpose of deciding the motions for summary disposition in the consolidated cases. In decisions filed on March

19, 1987, three of the five judges held that the defendant was entitled to summary disposition on the basis of governmental immunity.

The plaintiff moved for reconsideration on the ground that the defendant was not entitled to rely on governmental immunity because it had not preserved the issue. The trial judge assigned to the case denied the motion and entered an order of summary disposition on September 8, 1987.

The Court of Appeals denied leave to appeal in an order dated March 31, 1988. After the plaintiff filed an application for leave to appeal in this Court, we ordered the application held in abeyance for *Stein v Southeastern Michigan Family Planning Project, Inc* and *Rifkin v Univ of Michigan Hosp.* Those decisions having been issued, we now consider the application.

II

As noted above, the defendant did not move for summary disposition until July 25, 1985, almost eight months after our decision in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). In *Stein, supra* at 203, this Court held:

> The question presented in these cases is whether a hospital owned by a governmental entity that had not challenged the correctness of this Court's decision in *Parker* [*Parker v City of Highland Park*, 404 Mich 183; 273 NW2d 413 (1978)] or raised a defense of governmental immunity before *Ross* was decided and, after *Ross* was decided, for the first time filed a motion for summary disposition on the basis of *Ross*, raised and preserved a challenge to *Parker*.
>
> We answer the question directly. A hospital owned by a governmental entity that did nothing

to raise a challenge to *Parker* or assert a defense of governmental immunity before *Ross* was decided had not raised and preserved the issue.

The defendant in the instant case did nothing to raise a challenge to *Parker* or to assert a defense of governmental immunity before *Ross* was decided. Consequently, the defendant has not raised and preserved the issue.

### III

The defendant argues in the alternative, however, that the issue of governmental immunity should be deemed raised and preserved because that issue was raised by the plaintiff in her complaint. Specifically, the defendant alludes to paragraph 2 of the complaint where it was alleged:

> That Hurley Medical Center has its principle place of business in the City of Flint, County of Genesee, State of Michigan, and at all times herein has been engaged in operating said hospital, wherein persons inflicted with illness and disease, including but not limited to, internal injuries and diseases of the central nervous system, are given care and treatment in exchange for consideration.

Defendant cites *Powers v Peoples Community Hospital Authority,* decided sub nom *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), as authority for its position that the complaint in the instant case should be said to have raised the issue. In *Powers,* we did find that the issue had been raised in the complaint. However, in so finding we stated:

> The complaint indicated that the PCHA operated a public general hospital, which was not entitled

to immunity from tort liability pursuant to *Parker.* Moreover, paragraph two alleged that the PCHA was a profit-making institution. This allegation was sufficient to invoke the statutory "proprietary function" exception. [*Id.* at 236, n 7.]

The complaint in the instant case in no way invoked the "proprietary function" exception.[1] The mere statement that persons with injuries and diseases "are given care and treatment in exchange for consideration" was insufficient.

IV

We recognize that the law has not been clear as to whether the alleged immunity of a governmental agency is to be treated differently, for pleading purposes, from any other type of immunity granted by law. Several of our own opinions have contributed to this confusion.

In *Ross v Consumers Power Co (On Rehearing), supra* at 608, after a lengthy discussion of the origins of sovereign and governmental immunity and an examination of judicial decisions abrogating common-law governmental immunity,[2] we concluded:

Sovereign and governmental immunity from tort liability exist only when governmental agencies are "engaged in the exercise or discharge of a governmental function." [MCL 691.1407; MSA 3.996(107).]

More recently, however, we have referred to governmental immunity as a "characteristic of

---

[1] MCL 691.1413; MSA 3.996(113).

[2] See *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961), *Maki v East Tawas,* 385 Mich 151; 188 NW2d 593 (1971), and *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976).

government," *Hyde v Univ of Michigan Bd of Regents, supra* at 261, n 35:

> Unlike other claims of immunity, sovereign and governmental immunity are not affirmative defenses, but characteristics of government which prevent imposition of tort liability. *Ross, supra; Galli,* p 541, n 5 [*Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976)]; *McCann v Michigan,* 398 Mich 65, 77, n 1; 247 NW2d 521 (1976). Compare MCR 2.111(F)(3)(a).

This rationale was repeated in *Canon v Thumudo,* 430 Mich 326, 344, n 10; 422 NW2d 688 (1988), where we also noted that plaintiffs must "plead facts in avoidance of immunity" when suing a governmental agency:

> Unlike a claim of individual immunity, sovereign and governmental immunity are not affirmative defenses, but characteristics of government which prevent imposition of tort liability. A plaintiff therefore bears the burden of pleading facts in the complaint which show that the action is not barred by the governmental immunity act. MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.* This may be accomplished by pleading facts which show that the tort occurred during the exercise of a nongovernmental or proprietary function or by stating a claim which fits within one of the statutory exceptions. *Hyde, supra,* p 261, n 35; *Ross, supra,* p 621, n 34; *Galli v Kirkeby,* 398 Mich 527, 541; 248 NW2d 149 (1976); *McCann v Michigan,* 398 Mich 65, 77, n 1; 247 NW2d 521 (1976).

The pronouncements in *Hyde* and *Canon* clearly do not square with the statement in *Ross* that "[s]overeign and governmental immunity from tort liability exist only when governmental agencies are 'engaged in the exercise or discharge of a governmental function.' " If it takes a legislative

decree for immunity to exist, and then only under circumstances defined by the Legislature, how can it be said that sovereign or governmental immunity is a "characteristic of government?"

We are persuaded that the reasoning in *Ross* is correct, i.e., that immunity from tort liability exists only in cases where the governmental agency[3] was engaged in the exercise or discharge of a government function. The question whether a governmental agency was engaged in a governmental function when performing the act complained of is a question best known to the agency and best asserted by it. It naturally follows that plaintiffs need not plead facts in avoidance of immunity, but that it is incumbent on the agency to assert its immunity as an affirmative defense. The fact that the source of the immunity is a legislative act makes the contention of immunity no less a matter for assertion as an affirmative defense.

We also are persuaded that there is no sound basis for requiring individuals, but not agencies, to assert governmental immunity as an affirmative defense. The source of the immunity from tort liability is the same. MCL 691.1407; MSA 3.996(107). Nor do we perceive any basis for treating the alleged immunity of a governmental agency any differently, for pleading purposes, from any other type of immunity granted by law. Immunity must be pled as an affirmative defense.

In an effort to dispel the confusion that has been created by some of this Court's recent pronouncements on the subject of governmental immunity, we are amending MCR 2.111(F)(3), by separate order set forth in the appendix to this opinion.

---

[3] Note, however, that 1986 PA 175 expressly does not grant immunity to "a governmental agency with respect to the ownership or operation of a hospital or county medical care facility or to the agents or employees of such hospital or county medical care facility." MCL 691.1407(4); MSA 3.996(107)(4).

The amendment, which will take effect December 1, 1989, is intended to make clear that a governmental agency as defined in MCL 691.1401(d); MSA 3.996(101)(d) which seeks to invoke the immunity from tort liability provided by MCL 691.1407; MSA 3.996(107) must raise that immunity as an affirmative defense pursuant to amended MCR 2.111(F)(3).

The judgment of the Genesee Circuit Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion. MCR 7.302(F)(1).

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, and ARCHER, concurred.

### APPENDIX

On order of the Court, the following amendment is adopted September 22, 1989, to be effective December 1, 1989.

RULE 2.111. GENERAL RULES OF PLEADING.

(A)-(E) [Unchanged.]

(F) Defenses; Requirement That Defense Be Pleaded.

    (1)-(2) [Unchanged.]

    (3) Affirmative Defenses. Affirmative defenses must be stated in a party's responsive pleading. Under a separate and distinct heading, a party must state the facts constituting

        (a) an affirmative defense, such as contributory negligence; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity

granted by law (e.g., governmental immunity granted to an agency or to an individual pursuant to MCL 691.1401 *et seq.*; MSA 3.996[101] *et seq.*); want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;

(b)-(c) [Unchanged.]

Griffin, J. (*concurring*). For the reasons set forth therein, I continue to believe that *Stein v Southeastern Michigan Family Project, Inc,* 432 Mich 198; 438 NW2d 76 (1989) (Griffin, J., dissenting), was wrongly decided. However, in light of the position taken in *Stein* by a majority of the Court, I believe it would be of practical benefit now to the bench and bar to amend MCR 2.111(F)(3)(a) as proposed. Accordingly, I concur in adoption of the rule change which, as I read it, will be applied to pleadings filed after its effective date.