DOUGLAS v PONTIAC GENERAL HOSPITAL

Docket No. 103335. Submitted October 13, 1988, at Detroit. Decided
March 5, 1990.

Richard Douglas, personal representative of the estate of Marie
Douglas, deceased, brought an action in the Oakland Circuit
Court against Michael Baker, M.D., and Pontiac General Hospi-
tal, a subdivision of the City of Pontiac. Plaintiff alleged that
the decedent was admitted to the hospital for treatment of a
urinary tract infection and that she fell off the cart in the
emergency room and fractured her hip. The treating physi-
cians, resident physicians participating in the hospital's resi-
dency program, who were under Dr. Baker's supervision, alleg-
edly failed to detect the injury and the decedent was discharged
without treatment for the fracture. The fracture was later
discovered and surgery was performed to treat the injury. The
decedent died allegedly as a result of complications from the
surgery. Dr. Baker, who was not an employee of the hospital,
has a private practice with staff privileges at the hospital
which obligate him to provide some supervision of the resident
physicians. However, he received no compensation for this
service. The trial court, Robert L. Templin, J., granted Dr.
Baker's motion for summary disposition on the ground of
governmental immunity. Plaintiff appealed.

The Court of Appeals held:

Summary disposition was incorrectly granted. Dr. Baker is
not employed by the governmental entity and is not entitled to
the protections of governmental immunity. The fact that Dr.
Baker's services were rendered as part of his obligations as a
staff physician is immaterial.

Reversed and remanded.

J. M. BATZER, J., dissented. He would hold that Dr. Baker
was acting as the hospital's agent and was entitled to assert the

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 2, 22; Physicians, Surgeons,
and Other Healers § 160.

See the Index to Annotations under Governmental Immunity or
Privilege; Hospitals; Malpractice by Medical or Health Profes-
sions.

governmental immunity defense. He believes that the principal-agent relationship is not negated simply because Dr. Baker was required to exercise professional judgment in the performance of his supervisory duties. He believes that Dr. Baker's alleged acts of negligence were discretionary medical decisions. He would affirm.

1. PRETRIAL PROCEDURE — SUMMARY DISPOSITION — IMMUNITY GRANTED BY LAW — COURT RULES.

MCR 2.116(C)(7) is the appropriate basis for a grant of summary disposition based upon a claim being barred because of immunity granted by law (MCR 2.116[C][7]).

2. GOVERNMENTAL IMMUNITY — PHYSICIANS AND SURGEONS — MUNICIPAL HOSPITALS — PRIVATE PRACTICE.

A physician in private practice who is not an employee of a municipal hospital but who, as a condition of having staff privileges at the hospital, is obligated to provide supervision of resident physicians participating in the hospital's residency program without compensation is not entitled to the protections of governmental immunity.

*Lakin, Worsham & Victor, P.C.* (by *Richard B. Worsham* and *Larry A. Smith*), for plaintiff.

*Patterson & Patterson, Whitfield, Manikoff, Ternan & White, P.C.* (by *William P. Whitfield*), for defendant.

Before: HOLBROOK, JR., P.J., and SAWYER and J. M. BATZER,* JJ.

SAWYER, J. The trial court granted defendant Baker's motion for summary disposition pursuant to MCR 2.116(C)(8) and (10) on the ground of governmental immunity. Plaintiff appeals and we reverse.

Plaintiff's decedent was admitted to defendant Pontiac General Hospital for treatment of a urinary tract infection. While lying on a cart in the emergency room, plaintiff's decedent apparently

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fell off the cart and fractured her left hip. Apparently, the treating physicians, who were under defendant Baker's supervision, failed to detect the bone injury and the decedent was discharged without treatment for the fracture. The fracture was later discovered and surgery was performed to treat the injury. Plaintiff's decedent died allegedly as a result of complications from that surgery.

First, we note that the summary disposition subrules relied upon by defendant Baker in moving for summary disposition and under which the trial court granted summary disposition, namely, MCR 2.116(C)(8), failure to state a claim, and (10), no genuine issue of material fact, are not the appropriate bases for granting summary disposition on the basis of the claim being barred by governmental immunity. Rather, MCR 2.116(C)(7) is the correct subrule for a grant of summary disposition based upon a claim being barred because of immunity granted by law. See *Canon v Thumudo,* 430 Mich 326, 344; 422 NW2d 688 (1988); see also *McCummings v Hurley Medical Center,* 433 Mich 404; 446 NW2d 114 (1989).

However, the issue of reliance on the incorrect summary disposition subrule aside, summary disposition was incorrectly granted in this case. Defendant Baker was not an employee of Pontiac General Hospital. Rather, Dr. Baker is a physician in private practice with staff privileges at the hospital. Apparently, one of the conditions of having staff privileges was that Dr. Baker was obligated to provide some supervision of resident physicians participating in the hospital's residency program. However, defendant Baker received no compensation for this service. Indeed, Baker's brief on appeal concedes that he was not an employee of the hospital and that he received no compensation with respect to plaintiff's decedent.

. This Court faced a similar issue in *Roberts v Pontiac,* 176 Mich App 572; 440 NW2d 55 (1989). In *Roberts,* Pontiac General Hospital had contracted with an entity known as Emergency Services-North Oakland, P.C., which was a private corporation operated for profit by Dr. Joseph Schirle. This Court held that Emergency Services and Schirle were not entitled to the defense of governmental immunity since they were independent contractors rather than governmental employees. *Id.* at 578. Similarly, in the case at bar, defendant Baker is not an employee of Pontiac General Hospital, but is a physician in private practice. The fact that defendant Baker's services were rendered as part of his obligations as a staff physician is immaterial. The fact remains that he is not employed by the governmental entity. Accordingly, he is not entitled to the protections of governmental immunity.[1]

Since Dr. Baker is not a governmental employee, he is not entitled to the protection of governmental immunity. Therefore, the trial court erred in granting summary disposition in his favor.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

HOLBROOK, JR., P.J., concurred.

---

[1] We acknowledge that there have been some decisions of this Court extending the protections of governmental immunity to individuals who contract with the government and, in fact, the *Roberts* decision noted a possible distinguishing feature between independent contractors who are individuals and independent contractors who are corporations. *Roberts, supra* at 578, n 2. However, we are now convinced that such distinctions are immaterial and that the appropriate rule to apply is that the protection of governmental immunity does not extend to those who contract with the government, whether they are individuals or corporations. To the extent that *Roberts* left open this possibility of distinguishing between cases where corporations contract with the government and where it is an individual who contracts with the government, Judge SAWYER, who was a member of the *Roberts* panel, now holds that there is no basis for such a distinction.

J. M. BATZER, J. *(dissenting).* I respectfully dissent. Plaintiff argues that defendant Baker is not entitled to governmental immunity because he was not an agent of the hospital and because his negligence consisted of ministerial rather than discretionary acts. I disagree.

Agents of a governmental entity are entitled to governmental immunity for discretionary acts performed within the scope of their authority in good faith. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 633-634; 363 NW2d 641 (1984). I reject plaintiff's argument that defendant Baker's status as an independent contractor precludes Baker from availing himself of the governmental immunity defense.[1] While a distinction is sometimes drawn between agents and independent contractors as a limitation on the doctrine of respondeat superior, this is not so in every context. Indeed, one may be both an independent contractor and an agent. See generally 41 Am Jur 2d, Independent Contractors, § 2, p 741; 1 Restatement Agency, 2d, § 2(3), p 12.

Although defendant was "self-employed" as a private physician, he was, as a hospital requirement for privileges, periodically required to supervise hospital residency staff for two-week terms.

In defendant Baker's affidavit, he asserted that his supervision and education of the residents was under the direction and *control* of the Director of Medical Education, Dr. Markowitz, and the Chief of the Department of Medicine. The residents gave direct care to the staff service patients and, as the supervising doctor, defendant Baker rendered direct care only when in his judgment he deemed it "necessary and appropriate." Defendant Baker apparently determined that his direct care was not

---

[1] I also note that in paragraph 6 of his complaint plaintiff alleged that defendant Baker is an employee of Pontiac General Hospital.

required for the decedent. Furthermore, in Dr. Markowitz' affidavit, Dr. Markowitz explained the chain of control in connection with defendant Baker's role as a supervising doctor and stated:

Although I had the authority to intervene in any problems with the supervision and education of the residents caring for Plaintiff's decedent, I was not made aware of any such problems.

Hence, although Dr. Markowitz did not interfere with defendant Baker's control over the supervision of the residents in connection with the decedent, he had the "authority" to interfere.

As to whether Baker was acting as an agent of Pontiac General Hospital or an independent contractor, the test is the right of control. *Howard v Park,* 37 Mich App 496, 499; 195 NW2d 39 (1972), lv den 387 Mich 782 (1972). In *Tuttle v Embury-Martin Lumber Co,* 192 Mich 385, 399; 158 NW 875 (1916), our Supreme Court, in determining whether an individual was an independent contractor or an employee under the workmens' compensation act, stated:

We are of the opinion that the test of the relationship is the right to control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent. 26 Cyc p 1547.

See also *Van Pelt v Paull,* 6 Mich App 618, 624; 150 NW2d 185 (1967).

Defendant Baker's alleged negligence arose in the course of his duties on behalf of the hospital. Therefore, I would find that he acted as the hospital's agent and was entitled to assert the immunity defense.

The principal-agent relationship is not negated simply because defendant Baker was required to exercise professional judgment in the performance of his supervisory duties. Quite unlike the imposition of liability under the doctrine of respondeat superior, the extension of immunity to the agents of governmental entities demands a showing of independent discretionary decision-making by the agent. *Ross, supra,* pp 634-635. Therefore, plaintiff's reliance upon decisions of this Court holding that respondeat superior liability depends upon the degree of control a principal exercises over his agent is misplaced in the context of the immunity of governmental agents. Under plaintiff's theory, even a salaried hospital staff physician would not be an agent, but an "independent contractor," because such physicians make independent, professional judgment decisions. It should be remembered that ultimately only physicians, and not hospitals, practice medicine. Were plaintiff to prevail, governmental physicians would have no immunity for discretionary medical decisions. I had thought that this proposition was already decided contrary to plaintiff's position in *Canon v Thumudo,* 430 Mich 326; 422 NW2d 688 (1988).

I also would find no merit in plaintiff's contention that defendant Baker was not entitled to governmental immunity because his alleged acts of negligence were ministerial-operational. While medical decisions are discretionary in nature, the execution of those decisions is a ministerial act. *Sayles v Baughman,* 163 Mich App 58, 62; 413 NW2d 730 (1987), lv den 431 Mich 852 (1988). Here, defendant Baker's involvement with the deceased was limited to the supervision and education of the residents providing treatment. Defendant Baker declined to render direct care in accor-

dance with hospital policy which left the decision whether to participate to the staff doctor's judgment. Defendant Baker's failure to render direct care to decedent and his judgment in supervising residents were discretionary medical decisions. Such discretionary acts are not transformed into ministerial acts simply because they deviate from a professional norm. *Canon, supra,* p 335.

I would affirm.