RAMBUS v WAYNE COUNTY GENERAL HOSPITAL

Docket No. 120118. Submitted November 12, 1991, at Detroit. Decided
     March 16, 1992, at 9:05 A.M.

 Shirley Rambus, as personal representative of the estate of
     Reuben Rambus, deceased, brought an action in the Wayne
     Circuit Court against Wayne County General Hospital and Dr.
     Howard Liss, alleging medical malpractice as a result of Dr.
     Liss' treatment of Mr. Rambus while he was a patient at the
     hospital. Dr. Liss was an employee of University Medical
     Affiliates, P.C., a private entity under contract with the hospi-
     tal to provide certain medical and related services. The court,
     Thomas J. Foley, J., granted Dr. Liss' motion for summary
     disposition, finding that he was an agent of the hospital and,
     because the hospital was a governmental institution, that the
     doctor was entitled to immunity from tort liability. The plain-
     tiff appealed.

 The Court of Appeals *held:*

 Dr. Liss was not an employee of the hospital, which did not
     have any right to control the method or manner by which he
     performed his work or fulfilled his obligations. A physician who
     is an agent of a public hospital but also is an employee or agent
     of a private entity under contract with the hospital to render
     services it is authorized or mandated to provide is subject to
     liability as the employee or agent of the private entity. Because
     Dr. Liss was an employee of a private entity, he was not
     entitled to the protection of governmental immunity.

 Reversed and remanded.

Governmental Immunity — Physicians and Surgeons — Public
     Hospitals — Private Entities — Employees — Agents.

 A physician who is an agent of a public hospital and an employee
     or agent of a private entity retained by the hospital to render
     services that the hospital is authorized or mandated to provide
     may be subject to tort liability as the employee or agent of the

References

Am Jur 2d, Hospitals and Asylums §§ 2, 7, 20, 21, 24.

See the Index to Annotations under Governmental Immunity or
     Privilege; Hospitals; Malpractice by Medical or Health Profes-
     sions.

private entity; the protection of governmental immunity is not extended to a private entity or its agents or employees merely because it contracts with, or acts on behalf or by the authority of, a governmental agency.

*Thurswell, Chayet & Weiner* (by *Cyril V. Weiner*), for the plaintiff.

*Cheatham & Acker, P.C.* (by *Kevin P. Hanbury*), for Dr. Howard Liss.

Before: WEAVER, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MICHAEL J. KELLY, J. Plaintiff appeals as of right a circuit court order granting summary disposition pursuant to MCR 2.116(C)(7) in favor of Dr. Howard Liss. We reverse.

This medical malpractice action originates from Dr. Liss' alleged negligent care and treatment of Reuben Rambus. The treatment at issue was rendered by Dr. Liss to Mr. Rambus while he was a patient at Wayne County General Hospital. Dr. Liss was an employee of University Medical Affiliates, P.C. (UMA) which, at all relevant times, was under contract with the hospital to provide certain medical and related services. Pursuant to the contract and in exchange for certain specified compensation, UMA agreed to render care to patients, manage inpatient care, supervise and operate various medical departments within the hospital, and participate in educational and administrative activities pertaining to the hospital and its staff. Dr. Liss argued in his motion for summary disposition, and the trial court agreed, that the contract was merely the vehicle by which an agency relationship between Dr. Liss and the hospital was established and that Dr. Liss furnished his services on behalf of the hospital. The trial court thus con-

cluded that Dr. Liss was an agent of the hospital and, because the hospital was a governmental institution, that Dr. Liss was entitled to immunity from tort liability.

Plaintiff argues on appeal that Dr. Liss, as an employee of a private corporation doing business with the hospital, is an independent contractor and, therefore, not entitled to governmental immunity. Plaintiff relies on the holdings of two cases recently decided by this Court. *Roberts v Pontiac,* 176 Mich App 572; 440 NW2d 55 (1989), involved facts substantially similar to those presented in this case. In that case, defendant Dr. Joseph F. Schirle, Jr., was employed by Emergency Services-North Oakland, P.C., which operated the emergency department of Pontiac General Hospital pursuant to a contract. This Court held that Dr. Schirle, as an employee of Emergency Services, a private entity, rather than of the hospital itself, was not entitled to the defense of governmental immunity. *Id.* at 578. The holding in *Roberts* was then expanded in *Douglas v Pontiac General Hosp,* 182 Mich App 446; 452 NW2d 845 (1990), where this Court held that a physician in private practice with staff privileges at a public hospital is not entitled to the protections of governmental immunity. Dr. Liss contends that *Roberts* and *Douglas* contain flawed analyses because, although the panels in those cases found that the physicians were employees of private entities under contract with a public agency, the panels failed to determine or even consider whether the physicians were also employees or agents of the hospitals in which they rendered medical care. Furthermore, Dr. Liss maintains that he was an employee of the hospital, employed pursuant to a "labor broker" arrangement, or, alternatively, that he was the hospital's agent.

The Supreme Court in *Farrell v Dearborn Mfg Co,* 416 Mich 267; 330 NW2d 397 (1982), addressed whether a worker employed pursuant to a labor broker arrangement was an employee for purposes of the workers' compensation act. The Court concluded that the economic reality was that both the labor broker and its customer were employers within the meaning of the act. Utilizing the economic reality test, the Court found that both the broker and its customer were in control of the workers, with the customer having the right to control the worker once at the work site. *Id.* at 275-277. We, however, find the situation in this case to be distinguishable. The hospital did not have the right to exercise control or direct the methods by which the UMA physicians performed their work and functions, except that the physicians generally agreed to comply with the policies, rules, and regulations of the hospital. Dr. Liss asserts that because he agreed pursuant to the contract to fulfill certain obligations to the hospital and because he was bound by the hospital's rules and regulations, he should be considered an employee of both UMA and the hospital. Although we agree with Dr. Liss that the physicians were obligated pursuant to the contract to perform certain duties and act within hospital guidelines, the fact remains that the hospital did not have any right to control the method or manner by which the physicians performed their work or fulfilled their obligations. In addition, no rule or regulation has been provided that would enable the hospital to dictate the method of work utilized by a physician. Dr. Liss was not the hospital's employee.

Next, Dr. Liss asserts that even if he is not an employee of the hospital, he clearly was acting as its agent at the times relevant to this case. Agents,

as well as employees, of a governmental agency are immune from tort liability under certain circumstances. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 592; 363 NW2d 641 (1984). Dr. Liss asserts that an agency relationship was established between himself and the hospital, because he rendered medical care to plaintiff on behalf of the hospital and acted for or represented the hospital by its authority. *Hayes v Emerick,* 164 Mich App 138; 416 NW2d 350 (1987), and *Gillam v Lloyd,* 172 Mich App 563; 432 NW2d 356 (1988), are offered by Dr. Liss as being dispositive of the issue. Different panels of this Court in *Hayes* and *Gillam* held that a physician under contract with a county to provide medical services for jail inmates is the county's agent and is entitled to governmental immunity if the requirements set forth in *Ross, supra,* are met. We find the *Hayes* and *Gillam* decisions to be in conflict with the holdings in *Roberts, supra,* and *Douglas, supra.* The Court in *Roberts* held that a physician who is an employee or agent of a public hospital is nonetheless not entitled to the protections of governmental immunity and is subject to tort liability if that physician also is an employee or agent of a private entity under contract with the governmental agency. 176 Mich App 580. The Court in *Douglas* likewise focused on whether the physician was an employee or agent of a private entity under contract to provide services to the hospital. Therefore, we read *Roberts* and *Douglas* as departing from the analysis utilized in *Hayes* and *Gillam.* The panels in *Roberts* and *Douglas* did not focus on whether the physician was an agent of the government agency, as did the panels in *Hayes* and *Gillam,* but, rather, ascertained whether the physician was associated with a private entity

under contract with the governmental agency. Therefore, the crux of the *Roberts* and *Douglas* holdings is that, although the physician may be an agent of a public hospital, if he also is the employee or agent of a private entity under contract with the public agency, the physician may nonetheless be subject to liability in his capacity as an agent or employee of the private entity retained to render services that the governmental agency is authorized or mandated to provide. We, like the panels in *Roberts, Douglas,* and *Jackson v New Center Community Mental Health Services,* 158 Mich App 25; 404 NW2d 688 (1987), see no reason to extend the protection of governmental immunity to a private entity, or its agents and employees, merely because it contracts with, or acts on behalf of or by the authority of, a governmental agency.

Because Dr. Liss admittedly was an employee of UMA, a private entity, at the times relevant to this action, he is not entitled to the protection of governmental immunity. Accordingly, the trial court erred in granting his motion for summary disposition.

In light of our holding, we need not address the other issues raised on appeal.

Reversed and remanded.