KELLY, J.
(dissenting). We granted oral argument on the applications for leave to appeal and to cross-appeal in this case to discuss two issues: (1) whether, in a medical malpractice case, a party who fails to file an affidavit of meritorious defense as required by MCL 600.2912e may be defaulted and (2) whether a defendant who relies on the defense of governmental immunity must file an affidavit of meritorious defense. The majority finds that no affidavit is needed unless and until the court determines that a defendant is not protected by governmental immunity. The majority also notes that in this case failure to file the affidavit of meritorious defense does not require entry of a default judgment. Because I disagree with the majority’s reasoning and the result, I must respectfully dissent.
Defendants Farenger and Schultz should not be excused from filing affidavits of meritorious defense simply because they were claiming governmental immunity. Nothing in the governmental tort liability act (GTLA), MCL 691.1401 et seq., or the medical malpractice act, MCL 600.2912e, excuses these defendants from the mandatory requirement to file an affidavit of meritorious defense under MCL 600.2912e. Moreover, the mandatory requirement of MCL 600.2912e, applicable to all defendants in this type of case, does not conflict with or frustrate the purpose of the GTLA. Also, default is a proper remedy to be used against a medical malpractice defendant who fails to file such an affidavit.
*416 Thus, on the basis of the unambiguous language of MCL 600.2912e, I would reverse the Court of Appeals judgment. And, in reliance on this Court’s precedent in Scarsella v Pollack,[1]1 would remand the case to the trial court for entry of a default judgment in plaintiffs’ favor.
I. STANDARD OF REVIEW
We review a trial court’s ruling on a motion for summary disposition de novo. Wold Architects & Engineers v Strat, 474 Mich 223, 229; 713 NW2d 750 (2006). Issues of statutory interpretation are questions of law that also are reviewed de novo. Sands Appliance Services v Wilson, 463 Mich 231, 238; 615 NW2d 241 (2000).
II. ANALYSIS
The medical malpractice act, MCL 600.2912e, requires that all defendants in medical malpractice cases file affidavits of meritorious defense. It provides in pertinent part:
(1) In an action alleging medical malpractice... the defendant or, if the defendant is represented by an attorney, the defendant’s attorney shall file, not later than 91 days after the plaintiff or the plaintiffs attorney files the affidavit required under section 2912d, an affidavit of meritorious defense signed by a health professional.... [Emphasis added.]
The question presented is how, if at all, that mandatory requirement is affected by the GTLA, MCL 691.1407(2).
Under the GTLA, governmental employees are immune from tort liability when all of the following conditions are met:
*417 (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
(b) The governmental agency is engaged in the exercise or discharge of a governmental function.
(c) The officer’s, employee’s, member’s, or, volunteer’s conduct does not amount to gross negligence that is the proximate cause of the injury or damage. [MCL 691.1407(2).]
Construing the GTLA in light of the mandatory duty to file an affidavit of defense as set forth in MCL 600.2912e, the majority concludes that the GTLA must trump the medical malpractice act. It gives three reasons for this conclusion: (1) an absurd result would ensue if defendants protected from tort liability by governmental immunity had to present a sworn statement demonstrating that they are not liable in tort, (2) this result would also require governmental employees needlessly to expend time and taxpayer resources to obtain these sworn statements, and (3) any contrary conclusion would erode governmental immunity. But as explained below, none of these reasons is persuasive.
A. GOVERNMENTAL IMMUNITY IS NOT AUTOMATIC
Underlying the majority’s decision in this case is its decision in Mack v Detroit, 467 Mich 186; 649 NW2d 47 (2002). Here, as in Mack, the majority again suggests that governmental immunity is automatic, that it is an entitlement because it is a characteristic of government. Moreover, the majority again posits that the burden is always on the plaintiff not only to plead in avoidance of governmental immunity, but also to disprove immunity if the defendant claims it. And the majority uses these foundational conclusions to support *418 its ultimate finding that requiring an affidavit of merit from governmental defendants will defeat the purpose of governmental immunity.
I disagree both with the majority’s interpretation of the nature of governmental immunity itself and with its conclusion that the affidavit requirement will defeat the purpose of governmental immunity. Therefore, I disagree with its conclusion in this case because I believe that it is based on an incorrect view of the GTLA, which can be traced to Mack.
In Mack, this Court held that a party suing a unit of government must plead in avoidance of governmental immunity. In so holding, a majority of this Court overruled McCummings v Hurley Med Ctr,[2] which held that governmental immunity is an affirmative defense that must be pleaded by the government defendant. Mack, supra at 190. And although I am required to follow the majority holding in Mack, I continue to agree with Justice CAVANAGH’s dissent in that case, with which I concurred. Today’s unfortunate decision serves as additional proof why Mack was wrongly decided and why extending it is unwise.
As explained by Justice CAVANAGH in his dissent in Mack, whereas governmental immunity traditionally was viewed as a characteristic of government, this view changed once the Legislature codified the common-law doctrine. Id. at 222 (CAVANAGH, J., dissenting). As a consequence, Justice CAVANAGH argued, there is not a textual presumption in favor of blanket governmental immunity. Rather, it is a defense. Id. Although Mack requires a plaintiff to plead that the defendant is not immune from suit, the government still bears the onus of proving the defense. Id.
*419 Governmental immunity should properly be viewed as an affirmative defense. Therefore, it is difficult to conclude that the purpose of the GTLA will be frustrated by requiring governmental medical malpractice defendants to comply with the mandatory duty in MCL 600.2912e. For example, plaintiffs pled in avoidance of governmental immunity in the medical malpractice claim. They alleged that defendants were grossly negligent under the applicable standard of care[3] and that this gross negligence was the proximate cause of Richard Costa’s injury. Accordingly, I believe that the burden was on defendants to assert the defense of governmental immunity; immunity did not adhere as a matter of course.
In order to prepare this immunity defense, defendants necessarily had to investigate plaintiffs’ claim and assemble proofs. They had to expend resources on this defense. Significantly, the proofs needed in an affidavit of meritorious defense would include a showing of the applicable standard of care and compliance with that standard. The purpose, of course, is to demonstrate that defendants were not grossly negligent. The proofs needed to demonstrate governmental immunity would also require facts from which a finding of no gross negligence could be made. Accordingly, the purpose of the governmental immunity statute, rather than being thwarted, is served by requiring the governmental defendants in this case to file affidavits of meritorious defense. Indeed, the goals of the governmental immunity statute, the medical first responder statute, and the medical malpractice statute are fulfilled.
*420 I fail to see how the majority can reasonably conclude that complying with MCL 600.2912e would require governmental employees (1) needlessly to expend time and taxpayer resources to prepare the affidavits or (2) that this process would erode governmental immunity.
B. NOTHING IN THE STATUTORY TEXT OF THE GTLA OR MEDICAL MALPRACTICE ACT EXCUSES DEFENDANTS FROM FILING AFFIDAVITS UNDER MCL 600.2912e
In addition to my disagreement with the foundational underpinnings of the majority’s opinion, I find that nothing in the medical malpractice act or the GTLA supports the majority’s result. Everyone on the Court is in accord that, if its language is clear and unambiguous, a statute must be enforced as written. People v Stone, 463 Mich 558, 562; 621 NW2d 702 (2001). Moreover, we all agree that the Legislature is presumed to have intended the meaning it expressed. Id. MCL 600.2912e states that, in an action alleging medical malpractice, the defendant shall file an affidavit of meritorious defense. The use of the word “shall” indicates a mandatory directive.[4] Oakland Co v Michigan, 456 Mich 144, 154; 566 NW2d 616 (1997).
*421 Nothing in the medical malpractice act leads to the conclusion that the Legislature intended the language of MCL 600.2912e be applied differently to different defendants or in different types of claims. I find it particularly noteworthy that the Legislature wrote no exception for any reason whatsoever to the affidavit of meritorious defense requirement.
In creating the GTLA, the Legislature determined that governmental employees may be liable for acts of gross negligence. MCL 691.1407(2)(C). It is incongruous that a governmental employee would not be obliged to comply with rules that the Legislature created merely because the employee ultimately might be deemed immune from liability. The Legislature easily could have exempted governmental employees from MCL 600.2912e, or deferred them from its requirements pending a ruling on whether they were subject to governmental immunity. It did not do so.
I believe that the statute speaks for itself. I would hold that, under the language of MCL 600.2912e, a governmental employee must file an affidavit of meritorious defense when the plaintiffs claim sounds in medical malpractice.[5]
*422 C. THE APPROPRIATE SANCTION FOR A VIOLATION OF MCL 600.2912e IS A DEFAULT
Another issue considered in plaintiffs’ application for leave to appeal is whether default is an appropriate sanction for a violation of MCL 600.2912e. MCL 600.2912d requires a plaintiff to file an affidavit of merit with the complaint. Also, MCL 600.2912e requires a defendant to file an affidavit of meritorious defense no later than 91 days after the plaintiff files its affidavit of merit. I conclude that a defendant who fails to file an affidavit of meritorious defense may be defaulted, because an answer without an affidavit is viewed by the courts as a nullity. A default judgment is proper where a party has “failed to plead or otherwise defend [an action.]” MCR 2.603(A)(1). To hold otherwise would not only ignore our precedent and court rules, it would treat medical malpractice plaintiffs differently from medical malpractice defendants.
For example, in Scarsella, supra, this Court addressed the proper remedy for a plaintiffs failure to file an affidavit pursuant to MCL 600.2912d. We held that the Legislature’s use of “shall” in MCL 600.2912d, “ ‘indicates that the affidavit accompanying the complaint is mandatory and imperative.’ ” Scarsella, supra at 549 (citation omitted). This Court concluded that failure to meet the affidavit requirement does not toll the applicable statute of limitations because the filing is ineffective. Id. The complaint itself is viewed as a nullity. Hence, there is nothing to toll.
*423 Similarly, in Omelenchuk v City of Warren,[6] this Court held that “a plaintiff cannot file suit without giving the notice required by [MCL 60Q.2912b(l)].” The failure of a plaintiff to give the notice means that a subsequently filed complaint is not viable. That complaint, too, would be viewed as a nullity.
Consider now the requirement that defendants in medical malpractice cases must file an affidavit of meritorious defense pursuant to MCL 600.2912e. Applying the reasoning in Scarsella and Omelenchuk, there having been no statutorily required affidavits filed, defendants’ answers were deficient and should be considered a nullity. Therefore, the trial court should have granted plaintiffs’ motion for a default judgment. The majority points out that defendants properly asserted governmental immunity. But, proper assertion of that defense does not remove defendants from Scarsella and Omelenchuk. Defendants still failed to file a complete answer.
This approach not only fosters consistent treatment of medical malpractice plaintiffs and defendants, it effectuates the intent of the Legislature as expressed in MCL 600.2912e. After a plaintiff has filed an affidavit of merit and a complaint as required by MCL 600.2912d, the defendant must file an answer within 21 days. Then, as required under MCL 600.2912e, the defendant has 91 days from the filing of the plaintiffs affidavit and complaint to file an affidavit of meritorious defense. In this case, defendants’ failure to follow these procedural requirements should have led the trial court to grant plaintiffs’ motion for default judgment, as mandated by Scarsella and Omelenchuk.
*424 III. CONCLUSION
I would reverse the decision of the Court of Appeals and remand this case to the trial court for entry of a default judgment in plaintiffs’ favor. MCL 600.2912e required defendants to file an affidavit of meritorious defense. Nothing in the statute excused them from this requirement by virtue of the fact that they claimed the defense of governmental immunity.
Because defendants failed to file an affidavit of meritorious defense, their answer is a legal nullity. Accordingly, a default judgment was the proper remedy. The judgment of the Court of Appeals should be reversed and, in reliance on Scarsella, the case should be remanded to the trial court for entry of a default judgment in plaintiffs’ favor.
CAVANAGH, J., concurred with KELLY, J.

 461 Mich 547; 607 NW2d 711 (2000).

 433 Mich 404; 446 NW2d 114 (1989).

 Gross negligence is required in order to recover against a medical first responder under MCL 333.20965.

 The majority asserts that the statement in MCL 691.1407(2) that a governmental employee “is immune” should be read as a mandatory directive barring compliance with MCL 600.2912e. However, it must be stressed that the immunity granted in MCL 691.1407(2) is not an unfettered mandatory directive. Rather, it is a contingency requiring an initial finding, among others, that the employee’s conduct did not amount to gross negligence. By contrast, there are no contingencies to the directive in MCL 600.2912e that all defendants “shall” file an affidavit of meritorious defense. The flaw in the majority’s argument is based on its belief that MCL 600.2912e and MCL 691.1407(2) necessarily are in conflict. A conflict does not ever arguably exist in a case like this one where there is evidence that the employee’s conduct was grossly negligent.

 Contrary to its assertions, the majority’s analysis is not grounded in the statutory text. See ante at 414 n 6. Rather, its analysis depends solely on its own interpretation of what it perceives as the GTLA’s purpose. Because the majority relies on considerations that are outside the statutory text, its opinion must be considered a repudiation of the principles announced in People v McIntire, 461 Mich 147; 599 NW2d 102 (1999). In my view, the majority makes a thinly veiled absurd-result analysis in this case. In effect, it argues that it would be an absurd result to conclude that the Legislature intended governmental defendants to show by affidavit facts supporting a finding of no ordinary negligence. The absurdity, the majority asserts, lies in the fact that defendants cannot be liable even if they are ordinarily negligent. They must be shown to be grossly negligent under MCL 691.1407(2).
*422 But MCL 600.2912e makes no mention of “ordinary negligence,” “standard of care of ordinary negligence,” or “ordinary care,” nor does it differentiate between ordinary negligence and gross negligence. Ante at 411-412. Rather, the majority has added this language to the statute. And the majority latches on to this judicially created language to create a conflict where none exists.

 461 Mich 567, 572; 609 NW2d 177 (2000), overruled in part on other grounds Waltz v Wyse, 469 Mich 642 (2004).