HAYES v EMERICK

Docket No. 90355. Submitted March 24, 1987, at Detroit. Decided September 14, 1987. Leave to appeal applied for.

Steven R. Hayes brought a medical malpractice action in Macomb Circuit Court against Myron R. Emerick, D.O., arising from treatment Hayes received from Emerick while Hayes was an inmate of the Macomb County Jail. Emerick provided medical services to Macomb County Jail inmates pursuant to an agreement with Macomb County and received compensation on an "individual fee for service" basis. The trial court, Lawrence P. Zatkoff, J., granted summary disposition in favor of defendant, ruling that defendant was an agent of Macomb County and that plaintiff's claim was barred by governmental immunity. Plaintiff appealed.

The Court of Appeals *held:*

1. Macomb County is obligated by law to provide medical services to inmates of its jail and defendant was acting on behalf of the county in treating plaintiff. The trial court properly ruled that defendant, as an agent of the county, was entitled to governmental immunity from tort liability.

2. Summary disposition was not granted prematurely and a remand for further discovery is not necessary since plaintiff failed to persuade the Court of Appeals that discovery was incomplete.

Affirmed.

1. Governmental Immunity — Lower-Level Officials, Employees and Agents — Tort Liability.

Lower-level governmental officials, employees and agents are immune from tort liability only when they are: (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary, as opposed to ministerial, acts.

References

Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*; § 104.

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

2. GOVERNMENTAL IMMUNITY — TORT LIABILITY.

A physician who, under the terms of an agreement with a county, is obligated to provide medical services to inmates of the county's jail on an "individual fee for service" basis may properly claim governmental immunity from tort liability as an agent of the county in a medical malpractice action brought by a treated inmate.

*Becker & Van Cleef, P.C.* (by *Robert Van Cleef*), for plaintiff.

*MacArthur, Cheatham, Acker & Smith, P.C.* (by *James G. Gross*), for defendant.

Before: WAHLS, P.J., and R. M. MAHER and J. T. KALLMAN,* JJ.

PER CURIAM. On June 9, 1983, plaintiff, Steven Russell Hayes, filed a medical malpractice lawsuit against defendant, Myron R. Emerick, D.O. On January 8, 1986, defendant's motion for summary disposition based upon governmental immunity was granted by the trial court. Plaintiff appeals as of right.

Plaintiff claims two errors on appeal, alleging that (1) the trial court erred when it granted summary disposition in favor of defendant on the ground that defendant was an agent of Macomb County, and (2) either the trial court erred in granting summary disposition since discovery was incomplete or plaintiff should be allowed an opportunity on remand to conduct further discovery on the issue of defendant's status as an independent contractor.

Macomb County Jail employed defendant to provide medical care to the inmates. While plaintiff was an inmate of the jail, he was examined by defendant. Plaintiff's complaint set forth in a med-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ical malpractice action in which he asserted a claim of negligence against the defendant.

In discussing individual immunity in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 592; 363 NW2d 641 (1984), the Supreme Court stated:

> Lower level officers, employees, and agents are immune from tort liability only when they are (a) acting during the course of their employment and are acting, or reasonably believe they are acting, within the scope of their authority; (b) acting in good faith; and (c) performing discretionary-decisional, as opposed to ministerial-operational, acts.

Plaintiff argues that defendant was not a "lower level officer, employee or agent," but rather was an independent contractor. The trial court found that the defendant was an agent entitled to governmental immunity. The defendant argues on appeal that he was either an agent or an employee.

In *Ross, supra,* 420 Mich 624, n 38, the Supreme Court noted that "the individual tortfeasor's status as an employee, agent, independent contractor, etc., . . . will generally be determined with reference to common-law tort and agency principles." Therefore, general principles of agency law must be examined. In *Goldman v Cohen,* 123 Mich App 224, 228-230; 333 NW2d 228 (1983), lv den 422 Mich 865 (1985), this Court reiterated the definition of the term "agent" found in *Stephenson v Golden,* 279 Mich 710, 734-735; 276 NW 849 (1937):

> " 'An agent is a person having express or implied authority to represent or act on behalf of another person, who is called his principal.' Bowstead on Agency (4th ed), 1.
> " 'An agent is one who acts for or in the place of

another by authority from him; one who under-
takes to transact some business or manage some
affairs for another by authority and on account of
the latter, and to render an account of it. He is a
substitute, a deputy, appointed by the principal,
with power to do the things which the principal
may or can do.' 2 CJS 1025.

"The term 'agent' includes factors, brokers, etc.
2 CJS 1025.

"As said in *Saums v Parfet,* 270 Mich 165; 258
NW 235 (1935):

" ' "Agency" in its broadest sense includes every
relation in which one person acts for or represents
another by his authority.' 2 CJ 419.

" ' "Whether an agency has been created is to be
determined by the relations of the parties as they
in fact exist under their agreements or acts." 21
RCL 819.' "

This Court is satisfied that defendant was an
agent of Macomb County. The county was obli-
gated by law to provide medical services to the
inmates of its jail pursuant to MCL 791.262(f)(3);
MSA 28.2322(f)(3). In order to fulfill this obliga-
tion, Macomb County contracted with defendant to
provide medical care to the jail residents on the
county's behalf. If defendant did not provide such
services, Macomb County would be forced to retain
another physician in order to meet its legal obliga-
tions. Although the defendant provided the ser-
vices on an "individual fee-for-service basis," he
was employed on an ongoing basis. Defendant did
not maintain a personal patient clientele at the
county jail; rather, his work with the inmates was
due solely to his contract with Macomb County to
render such services. As in *Goldman,* defendant
was acting on behalf of his principal, in this case,
Macomb County, and therefore was its agent.

This Court is satisfied that summary disposition
was not granted prematurely and that a remand

for further discovery is not necessary. Discovery was closed in this case in early November, 1984. The motion for summary disposition was not granted until January, 1986. Plaintiff did not argue at that time that further discovery was necessary. Plaintiff has failed to persuade this Court that discovery was incomplete.

Affirmed.