O'NEILL v EMMA L BIXBY HOSPITAL

Docket No. 107104. Submitted November 16, 1989, at Lansing. Decided February 5, 1990. Leave to appeal applied for.

Lynette O'Neill, individually and as next friend of Michelle Lyn O'Neill, and Adolph Winkelman brought a malpractice action in the Lenawee Circuit Court against Emma L. Bixby Hospital and others. Emma L. Bixby Hospital is a nonprofit Michigan corporation whose members consist of the citizens of the City of Adrian, the mayor of Adrian and the city commissioners, and the trustees, elected by the city commission. The hospital's bylaws provide that its board of trustees consists of the seven members of the city's hospital commission. The qualifications, duties and responsibilities of the commission members are set forth in the city charter. The city is obligated to appropriate at least $2,700 annually to the hospital. The court, Kenneth B. Glaser, J., denied the hospital's motion for summary judgment based on the defense of governmental immunity. The hospital appealed by leave granted.

The Court of Appeals held:

In determining whether an entity is a governmental agency entitled to the defense of governmental immunity, the form, not the function, of the entity is controlling. The court properly concluded that the hospital was not a governmental agency.

Affirmed.

GOVERNMENTAL IMMUNITY — GOVERNMENTAL AGENCY.

The form of the entity, not its function, controls for purposes of determining if an entity is a governmental agency entitled to the protection of governmental immunity.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Stanley S. Schwartz, Norman D. Tucker* and *Robert J. Schwartz*), for plaintiff.

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 2, 22; Municipal, County, School, and State Tort Liability §§ 5-7.

See Index to Annotations under Governmental Immunity or Privilege; Hospitals.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for defendant Emma L. Bixby Hospital.

Before: McDONALD, P.J., and HOOD and GRIFFIN, JJ.

GRIFFIN, J. Defendant Emma L. Bixby Hospital, a nonprofit Michigan corporation, appeals by leave granted from a lower court order denying its motion for summary disposition based upon the defense of governmental immunity. We affirm.

I

On July 22, 1910, W. K. Bixby agreed to furnish funds totalling $25,000 for the establishment of a hospital to be named after his mother, Emma L. Bixby. Mr. Bixby's offer was contained in a letter addressed to the mayor of the City of Adrian. Mr. Bixby's offer contained the following three conditions: (1) that the cost of the grounds, buildings, and equipment not exceed $25,000; (2) that the City of Adrian agree to annual appropriations to the hospital of not less than $2,700; and (3) that the hospital "be governed by trustees to keep it out of political control."

Mr. Bixby's offer was accepted and on September 21, 1929, "articles of association" were filed with the State of Michigan establishing Emma L. Bixby Hospital, as a nonprofit Michigan corporation.[1]

The articles of association for the corporation define its purpose as a public hospital for the City of Adrian, and the County of Lenawee, and as a public health department of the City of Adrian for the health, benefit, and welfare of its citizens. Article v states that the leasehold interests in the

---

[1] The delay between acceptance of the offer and the filing of the articles of association is unexplained by the parties.

hospital are owned in fee by the city. Further, the articles provide that the members of the nonstock corporation shall be: "All residents and citizens of the City of Adrian; the Mayor of Adrian, and the City Commissioners; the Board of Trustees, or Hospital Commission, duly elected by the City Commission."

The bylaws of the hospital provide that its board of trustees shall consist of the seven members of the Hospital Commission of the City of Adrian. In accordance with the charter of the City of Adrian, the hospital commission members are appointed by the city commission to serve staggered three year terms. The qualifications, duties, and responsibilities of the commission members are set forth in the city charter.

Despite the substantial interconnections between the City of Adrian and the defendant corporation, Lenawee Circuit Judge Kenneth B. Glaser, Jr., ruled that Bixby Hospital is not a "governmental agency" as defined and shielded by the governmental immunity statute. We agree.

At the time the present cause of action accrued, Michigan's governmental immunity act granted tort immunity to public hospitals if the hospital was a "governmental agency" and engaged in a nonproprietary governmental function. The term "governmental agency" was defined under the act[2] as follows:

> "Governmental agency" means the state, *political subdivisions,* and municipal corporations. [MCL 691.1401(d); MSA 3.996(101)(d); emphasis added.]

The act further defined "political subdivision" as

---

[2] Not applicable to the instant case is 1986 PA 175 (effective July 7, 1986), which amended the definitional section of the governmental immunity act.

including "any district or authority formed by 1 or more political subdivisions:"

> "Political subdivision" means any municipal corporation, county, township, charter township, school district, port district, or metropolitan district, or any combination thereof, when acting jointly *and any district or authority formed by 1 or more political subdivisions.* [MCL 691.1401(b); MSA 3.996(101)(b); emphasis added.]

Defendant Bixby Hospital makes a strong argument that it is performing a "governmental function" for the citizens of the City of Adrian. The function of the hospital, however, is not dispositive as to the issue of whether the defendant is a "governmental agency." The same confusion of the issues was previously raised and addressed by our Court in *Jackson v New Center Community Mental Health Services,* 158 Mich App 25; 404 NW2d 688 (1987). In *New Center,* we held that the performance of a governmental function by a private entity does not transform the entity into a governmental agency:

> New Center itself does not satisfy the definition of governmental agency set forth in the governmental immunity act. MCL 691.1401(d); MSA 3.996(101)(d). We find unpersuasive New Center's attempt to escape tort liability by virtue of its relationship with an official county agency.
>
> In support of its claim to governmental agency status, New Center notes that it is a "publicly funded, non-profit, non-stock Michigan corporation, whose purpose is to perform a governmental function by providing outpatient mental health services" in Detroit. New Center further asserts that it was "created pursuant to and is part of the County Community Mental Health Services program, an official county agency."

New Center's argument confuses the issue of governmental agency status and governmental function. *A private entity's performance of a governmental function does not confer governmental agency status on that entity.* [*Jackson v New Center, supra* at 34-35; emphasis added.]

In the instant case, as in *New Center,* we do not analyze the function performed by the defendant; rather, we apply the above definitions of "governmental agency" and "political subdivision" to determine whether the defendant is an entity entitled to immunity protection under the act.

Previously, the Supreme Court in *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), reviewed claims asserted against the University of Michigan Hospital, Oakland Medical Center, and People's Community Hospital Authority. In noting that each defendant was a "governmental agency," the Supreme Court stated that the University of Michigan, as a public university, is included within the definition of the term "state," MCL 691.1401(1)(c); MSA 3.996(101)(c). Oakland Medical Center was likewise protected because it was operated by the Department of Mental Health which is a department of the "state." See *Hyde, id.* at 252, n 21. As to defendant People's Community Hospital Authority, the Supreme Court looked to the corporate form of the entity:

Plaintiff initially argues that Annapolis Hospital is not entitled to immunity from tort liability because it is not a "governmental agency." Section 1(d) of the governmental immunity act, MCL 691.1401(d); MSA 3.996(101)(d), defines "governmental agency" as "the state, political subdivisions, and municipal corporations." These terms are also defined in § 1:

*  *  *

Although hospitals are not listed in these definitions, plaintiff has overlooked the entity she actually sued. Plaintiff properly sued the Peoples Community Hospital Authority, an entity formed by twenty-four southeastern Michigan communities, which runs five community hospitals, including Annapolis Hospital. An authority formed by one or more political subdivisions is included within § 1(b)'s definition of "political subdivision." [*Hyde, supra* at 251-252.]

Unlike People's Community Hospital Authority, Bixby Hospital is not a hospital authority formed by a political subdivision pursuant to the Hospital Finance Authority Act, MCL 331.31; MSA 14.1220(1). Nor is Bixby Hospital a municipal corporation, department, authority, or district. Rather, Bixby Hospital is a nonprofit, nonstock Michigan corporation which was incorporated by individuals; defendant was not created or "formed by 1 or more political subdivisions."

As in *New Center,* Bixby Hospital retains a separate, nongovernmental, corporate identity. Its employees are not municipal employees. Defendant is not operated by the city, but by a board of trustees which is quasi-independent from the city. Furthermore, except for the de minimus annual appropriation from the city of $2,700, Bixby Hospital is financially independent.

The fact that the individuals who incorporated the defendant were members of the Adrian City Commission does not change the corporate status of the defendant. Nor does the indirect control of the hospital through the appointment of the members of the hospital commission/board of trustees. The form, not function, of the entity controls for purposes of the definition of "governmental agency."

Despite the substantial connections with the City of Adrian, we hold that Emma L. Bixby Hospital is not a governmental agency as defined by the governmental immunity act.

Affirmed.