# ACTIONS ON APPLICATIONS FOR LEAVE TO APPEAL FROM THE COURT OF APPEALS

*Summary Dispositions August 23, 1991:*

DOUGLAS v PONTIAC GENERAL HOSPITAL, No. 89268. In lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed for the reasons stated in the dissenting opinion in the Court of Appeals, 182 Mich App 450-453, and the case is remanded to that Court for consideration of the discretionary versus ministerial conduct issue in light of *Green v Berrien General Hosp Auxiliary, Inc,* 437 Mich 1 (1991). MCR 7.302(F)(1). Reported below: 182 Mich App 446.

LEVIN, J. I would grant or deny leave to appeal but would not enter an order of peremptory reversal of the Court of Appeals.

MALLETT, J. I would grant leave to appeal.

PEOPLE v JOSE PACHECO, No. 91019. In lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed in part, and the defendant's conviction for first-degree criminal sexual conduct is reinstated. MCR 7.302(F)(1). A review of the record discloses sufficient evidence that the defendant's conduct aided and abetted the codefendant's sexual assaults upon the victim named in count IV of the information. The case is remanded to the Court of Appeals for consideration of issue III in the defendant's brief in that Court. Jurisdiction is not retained. Court of Appeals No. 112531.

LEVIN, J. I would grant or deny leave to appeal but would not peremptorily reverse the judgment of the Court of Appeals.

Reconsideration denied December 20, 1991.

LEVIN, J. I would grant reconsideration, vacate the order of peremptory reversal dated August 23, 1991, *supra,* and either grant or deny leave to appeal, but would not peremptorily reverse the judgment of the Court of Appeals.

*Summary Dispositions August 27, 1991:*

PETRASZEWSKY v KEETH, No. 90380. In lieu of granting leave to appeal, the case is remanded to the Court of Appeals as on leave granted. MCR 7.302(F)(1). The authority cited in support of the conclusion in the Court of Appeals denial order that the application for leave to appeal lacked merit does not appear responsive to the distinction plaintiff has consistently drawn between her acknowledged status as a licensee of the tenant, but as an invitee of the landlord regarding common areas of the premises over which the landlord retained control. Court of Appeals No. 131701.