Delores JACKSON, Plaintiff,

v.

AMERICAN BUILDING
MAINTENENCE,
Defendant.

No. 01CV71321.

United States District Court,
E.D. Michigan,
Southern Division.

April 17, 2002.

Douglas D. Hampton, Douglas D. Hampton Assoc., Southfield, MI, for plaintiff.

Mark A. Roberts, Siemion, Huckabay, Southfield, MI, John P. Jacobs, Southfield, MI, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EDMUNDS, District Judge.

This matter comes before the Court on Defendant's motion for summary judgment. For the reasons set forth below, Defendant's motion for summary judgment is GRANTED.

### I. Facts

Delores Jackson ("Plaintiff") was injured when she slipped and fell down stairs at Cobo Hall on Friday, November 19, 1999. Plaintiff visited Cobo Hall on the day in question to attend a graduation ceremony for her daughter, Katrina Jackson. Following the ceremony, Plaintiff proceeded to leave Cobo Hall via the Congress Street exit along with Plaintiff's ex-husband and his wife, Plaintiff's daughter and Eric Taylor. The party started to descend the stairs when Plaintiff fell. Plaintiff was in the middle of her party with her ex-husband and his wife in front of her, and Katrina Jackson and Eric Taylor behind her. Plaintiff was on the first tier of stairs at the time of her fall; the fall caused her to descend approximately four to five stairs.

Plaintiff does not know that exact cause of her fall, however the others accompanying her that day have testified that the stairs were wet. Katrina Jackson testified that it was raining outside on the day of the accident. See Katrina Jackson Deposition attached as Defendant's Exhibit B at 13. Katrina Jackson further testified that

Plaintiff was holding onto the handrail when she fell. *See id.* at 23–28. Upon glancing back at the stairs, Katrina Jackson saw a "glimmer" which indicated to her that the stairs were wet. *See id.* at 31. Eric Taylor also testified that the weather had been overcast and cloudy on the day in question. *See* Eric Taylor Deposition attached as Defendant's Exhibit C at 10. Taylor also noticed that the stairs were wet. *See id.* at 18.

Plaintiff was taken to Holy Cross Hospital immediately after she fell. The examining physician could not determine if Plaintiff had broken any bones, but a semi-encircled cast was placed on Plaintiff's left foot and leg, and she was instructed to consult an orthopedic physician. Plaintiff saw a Dr. Beale two days after her fall. Dr. Beale concluded, based on x-rays from the emergency room, that Plaintiff had torn all the ligaments in her left ankle and foot. Dr. Beale placed a hard plaster cast on Plaintiff that encircled the lower portion of her left leg and foot. Although the cast has now been removed, Plaintiff claims that she still suffers from significant pain as a result of the fall.

Plaintiff initiated this action in March 2001. In her complaint, Plaintiff contends that American Building Maintenance (the janitorial service for Cobo Hall) was negligent in not maintaining the stairs or by not posting warnings indicating that the stairs were wet. Defendant raises two arguments in its motion for summary judgment. First, Defendant argues that Plaintiff cannot establish causation. Second, Defendant argues that as a agent of the City of Detroit, it is shielded from tort liability through governmental immunity.

This Court does not find it necessary to address Defendant's first argument, lack of causation; this Court GRANTS Defendant's motion for summary judgment based on its second argument, governmental immunity.

## II. Analysis

### A. Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323 106 S.Ct. 2548. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. 2505.

The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255, 106 S.Ct. 2505. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *See id.*

## B. Governmental Immunity

█ By way of background, the City of Detroit was originally a defendant in this case. The City was dismissed from this case by the Wayne County Circuit Court on governmental immunity grounds. Plaintiff then added Defendant American Building Maintenance as a Defendant. On the basis of diversity jurisdiction. Defendant ABM removed this case from the Wayne County Circuit Court to this Court.

M.C.L. § 691.1407, provides in pertinent part:

(1) Except as otherwise provided in this act, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided in this act, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed.

In *Reardon v. Dep't of Mental Health,* 430 Mich. 398, 424 N.W.2d 248 (1988), the Michigan Supreme Court examined the scope of the public building exception to governmental immunity contained in M.C.L. § 691.1406. The Court held that the intent of the Legislature in enacting the public building exception was to "impose a duty to maintain safe public buildings, but not necessarily safety *in* public buildings." (Emphasis added.) *Reardon, supra.* The Court also held that the duty to repair and maintain relates to the *structural condition* of the premises, and a government engaged in a governmental function is open to liability only where the injury results from a dangerous or defective condition of a building. *Id.*

█ In *Wade v. Dept. of Corrections,* 439 Mich. 158, 483 N.W.2d 26, 31 (1992) the Michigan Supreme Court held that "the public building exception is to be narrowly construed, and does not encompass claims of negligent janitorial care. A spill on the floor does not become part of the building itself by virtue of the risk of injury it may create for the plaintiff. Moreover, we do not believe the Legislature intended 'dangerous or defective condition of a public building' to refer to such transitory conditions." *Wade,* 483 N.W.2d at 31. Also instructive is *McLean v. University of Michigan Medical Center,* 192 Mich.App. 128, 480 N.W.2d 602 (1991) which held that the public building exception to governmental immunity does not relate to dangerous condition in building caused by foreign substance dropped on floor. Thus, it is clear that under Michigan law, the public building exception to governmental immunity does not extend to negligent janitorial care.

*Wade & McLean* are clearly applicable to the present case; negligent janitorial care does not fall into the public building exception. Plaintiff attempts to circumvent these cases by claiming that she is not suing for negligent janitorial care, but her claim is that the building was defectively designed because the floors became inordinately slippery when wet. The Court does not accept Plaintiff's attempted distinction. *Wade & McLean* clearly held that claims involving substances spilled on floors do not fall within the public buildings exception to governmental immunity; claiming that the *building* was defective because the floors became slippery when wet is a very strained attempt by Plaintiff to get around the holdings of the above cited cases.

Therefore, Defendant's motion for summary judgment is granted; this Court finds that the governmental immunity doctrine extends to Defendant, a contracted agent of the City of Detroit. Plaintiff's brief does not appear to contest that the governmental immunity doctrine extends to Defendant (a private corporation). In

support of this conclusion, Defendant cites *Ross v. Consumers Power Co.,* 420 Mich. 567, 363 N.W.2d 641 (1984) for the proposition that the protections of the governmental immunity statute extend not only to government officers and employees, but also to its agents. The Court agrees with this position.

In *Ross, supra,* 420 Mich. 567, 363 N.W.2d 641 at n. 38 the Michigan Supreme Court noted that "the individual tortfeasor's status as an employee, agent, independent contractor, etc., ... will generally be determined with reference to common-law tort and agency principles." Therefore, general principles of agency law must be examined. In *Goldman v. Cohen,* 123 Mich.App. 224, 333 N.W.2d 228 (1983), the Michigan Court reiterated the definition of the term "agent" found in *Stephenson v. Golden,* 279 Mich. 710, 276 N.W. 849 (1937): "An agent is a person having express or implied authority to represent or act on behalf of another person, who is called his principal." Bowstead on Agency (4th ed), 1.

In further support of its argument to extend governmental immunity to a private janitorial service, Defendant also cites *Douglas v. Pontiac General Hospital,* 438 Mich. 851, 473 N.W.2d 68 (1991) and *Hayes v. Emerick,* 164 Mich.App. 138, 416 N.W.2d 350 (1987). *Douglas* involved an independent contracting physician who attended to public patients of the governmental hospital. The Michigan Supreme Court held that such "self-employed" private physicians are entitled to governmental immunity, by holding that "[a]gents of a governmental entity are entitled to governmental immunity for discretionary acts performed within the scope of their authority in good faith." *citing Ross v. Consumers Power Co.,* 420 Mich. 567, 633–634, 363 N.W.2d 641 (1984) *(On Rehearing).*

Extending governmental immunity to private janitorial services contracted to

work on government buildings is a logical extension of *Wade, supra* and *McLean, supra* which clearly hold that negligent janitorial service is outside the public building exception to governmental immunity.

### III. Conclusion

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.