*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOM DJONOVIC,

      Plaintiff-Appellant,

v

UTICA VAN DYKE SERVICE LLC,

      Defendant-Appellee.

UNPUBLISHED
June 27, 2024

No. 367474
Macomb Circuit Court
LC No. 23-000273-NI

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

The trial court in this case granted summary disposition to defendant under MCR 2.116(C)(7) on the basis of governmental immunity. Plaintiff appeals by right. We reverse.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant is a domestic limited liability company (LLC) that provides vehicle removal and towing services. In August 2015, the municipality of Shelby Township entered into an agreement with defendant, which provided that defendant was to assist the Shelby Township Police Department (STPD) with vehicle removal, impounding, towing, and storage; service calls for vehicle lock-outs; debris clean-up at traffic accidents; and disposal and auction of unclaimed vehicles. Township employees directly supervised defendant when it provided the requested services, but defendant provided all of the labor, materials, and equipment necessary to perform the requested services. Defendant also directly billed vehicle owners for its services.

In November 2020, plaintiff pleaded responsible to an ordinance violation relating to the improper storage of unregistered and inoperable vehicles on his property, and the trial court entered an order authorizing the Township to enter plaintiff's property and remove the vehicles. In December 2020, under the direct supervision of a police officer, defendant removed several vehicles from plaintiff's property. Plaintiff and several other police officers and township representatives were also present during the removal.

-1-

Plaintiff subsequently filed a complaint against defendant,[1] alleging that defendant was negligent or grossly negligent in removing the vehicles from his property. Specifically, plaintiff alleged that defendant used overweight towing equipment when removing the vehicles, thereby causing significant damage to his driveway and landscape. Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that it was entitled to governmental immunity under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, because it was acting as the Township's agent when the alleged torts occurred. Plaintiff responded, arguing that defendant was not immune from the alleged torts under the GTLA because defendant merely contracted with the Township and maintained its status as a private domestic LLC. Following a hearing, the trial court granted summary disposition in defendant's favor. This appeal followed.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7)." *DiPonio Constr Co, Inc v Rosati Masonry Co, Inc*, 246 Mich App 43, 46; 631 NW2d 59 (2001). Whether governmental immunity applies under the GTLA is a question of law that we also review de novo. *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010). "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (quotation marks and citation omitted). We also review de novo issues of statutory interpretation. *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006).

## III. ANALYSIS

Plaintiff argues the trial court erred by granting summary disposition under MCR 2.116(C)(7) because defendant was not entitled to governmental immunity. We agree.

As defendant notes, the GTLA, broadly speaking, "provides immunity from tort claims to governmental agencies engaged in a governmental function, as well as governmental officers, agents or employees." *McLean v City of Dearborn*, 302 Mich App 68, 73; 836 NW2d 916 (2013). Beyond reciting this general proposition from *McLean*, however, defendant does not substantiate its claim that, because it was acting as the Township's contracted agent when the alleged torts occurred, it is entitled to immunity under the GTLA in this case. And examination of the GTLA itself shows otherwise.

The GTLA sets forth the general rule that, "[e]xcept as otherwise provided in [the GTLA], a governmental agency is immune from tort liability if the government agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). The GTLA also extends immunity to specific individual governmental actors—namely, "each officer and employee of a

---

[1] Plaintiff initially filed his complaint against defendant and Utica Van Dyke Towing Service as codefendants, but the parties later stipulated that Utica Van Dyke Towing Service was incorrectly identified as a defendant, and the trial court entered an order dismissing it from the action. Utica Van Dyke Towing Service is not a party to this appeal.

governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency"—under specified circumstances. MCL 691.1407(2). Defendant does not dispute that it is a private corporate entity, and it does not argue that it somehow constitutes a "governmental agency" or an "officer," "employee," "volunteer," or "member" under these provisions of the GTLA. Nor does it identify any other provision of the GTLA that might be potentially relevant to its claim of immunity. See *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019) (stating that a party "cannot leave it to this Court to make [its] arguments for [it]" and that its "failure to adequately brief the issues constitutes abandonment").

Instead, defendant simply asserts, citing to the above-quoted language from *McLean*, that "Michigan law is clear that the protections of governmental immunity extend not only to government officers and employees, but also to a government's agents." *McLean*, however, did not hold this, or involve a private entity attempting to claim immunity under the GTLA on the basis of its status as an "agent" of a governmental entity.[2] Nor, for that matter, did *McLean* in any way suggest that the GTLA's grant of immunity should be read to extend beyond its stated scope. And while the term "agent" appears elsewhere in the GTLA, see, e.g., MCL 691.1405; MCL 691.1407(4), the Legislature chose not to include it in the grants of immunity set forth in MCL 691.1407(1) and (2). See *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011) ("[W]hen language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion.") (quotation marks and citation omitted); *Coblentz v Novi*, 475 Mich 558, 572; 719 NW2d 73 (2006) (stating that "[t]he words chosen by the Legislature are presumed intentional" and that this Court "will not speculate that it used one word when it meant another").

Correspondingly, there is no relevant authority showing that immunity from tort liability under these provisions of the GTLA extends to private corporate entities conducting business with a governmental agency, such as defendant in this case. To the contrary, Michigan courts have repeatedly concluded otherwise. See *Vargo v Sauer*, 457 Mich 49, 68; 576 NW2d 656 (1998) ("[T]he definition of 'governmental agency' does not include, or remotely contemplate, joint ventures, partnerships, *arrangements between governmental agencies and private entities*, or any other combined state-private endeavors.") (emphasis added); *O'Neill v Emma L Bixby Hosp*, 182 Mich App 252, 257; 451 NW2d 594 (1990) (holding that "a nonprofit, nonstock Michigan corporation" was not entitled to immunity under the GTLA because it "retain[ed] a separate, nongovernmental, corporate identity" and "[t]he fact that the individuals who incorporated the defendant were members of the Adrian City Commission [did] not change the corporate status of the defendant"); *Roberts v City of Pontiac*, 176 Mich App 572, 578; 440 NW2d 55 (1989) ("[W]e see no reason to extend the protection of governmental immunity to a private entity merely because

---

[2] At issue in *McLean*, 302 Mich App at 70, 72-74, was whether the defendant city was entitled to summary disposition because the plaintiff, who was attempting to proceed under the GTLA's "highway exception" to governmental immunity, had failed to provide the requisite presuit notice under MCL 691.1404.

it contracts with the government.").[3]  Michigan courts have likewise declined to extend immunity to individual employees of a private entity conducting business with a governmental agency.  See *Vargo*, 457 Mich at 71 ("[A]lthough the Legislature extended immunity to a large number of individuals for broad categories of conduct, there is no indication that the statute, when read in conjunction with its definitional sources, even remotely contemplates a grant of immunity for agents who are simultaneously serving a private entity."); *Rambus v Wayne Co Gen Hosp*, 193 Mich App 268, 270-273; 483 NW2d 455 (1992), aff'd on reh, 197 Mich App 480; 495 NW2d 835 (1992) (declining "to extend the protection of governmental immunity to a private entity, or its agents and employees, merely because it contracts with, or acts on behalf of or by the authority of, a governmental agency").  Defendant does not address this authority or the plain language of the GTLA that it reflects,[4] and we see no reason to depart from it here.

We conclude that defendant was not entitled to governmental immunity under the GTLA in this case.  Accordingly, we reverse the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani

---

[3] Although *Roberts* is not binding on this Court because it was decided prior to November 1, 1990, it may be considered persuasive authority.  *West Mich Annual Conference of the United Methodist Church v City of Grand Rapids*, 336 Mich App 132, 145; 969 NW2d 813 (2021), citing MCR 7.215(J)(1).

[4] Before the trial court, defendant centered its argument on language from *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984).  It does not renew that reliance on appeal, and understandably so: *Ross* pre-dated the current version of the GTLA; indeed, the Legislature "amended the GTLA . . . in response to *Ross*" to, among other things, expressly define the scope of immunity available to individual governmental actors.  *Odom v Wayne Co*, 482 Mich 459, 468; 760 NW2d 217 (2008).  As discussed, the GTLA's plainly stated scope and the caselaw that has interpreted it do not support defendant's claim of immunity in this case.  Similarly, defendant cited in the trial court—but not on appeal—*Jackson v Am Bldg Maintenance*, 203 F Supp 2d 801 (ED Mich, 2002), which granted summary disposition to the defendant, a contracted agent of the City of Detroit, on the basis of governmental immunity.  Aside from being nonbinding, however, that decision is unpersuasive; it did not engage with the GTLA's plain language or the authority discussed above, but instead relied on *Ross* and the fact that the plaintiff in the case did "not appear to contest that the governmental immunity doctrine extend[ed] to" the defendant.  *Id*. at 803-804.